UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------
ESTEVAN CAMACHO,

                                    Petitioner,

                      -v.-                        9:03-CV-1246
                                                  (LEK/GJD)

JOSEPH T. SMITH, Superintendent, Shawungunk
Corr. Facility,

                                  Respondent.
-----------------------------------------------------------------------

APPEARANCES:

ESTEVAN CAMACHO
Petitioner, *pro se*
00-A-4647

HON. ANDREW M. CUOMO                    GERALD J. ROCK, ESQ.
Office of the Attorney General
State of New York
Department of Law
The Capitol
Albany, New York 12224

LAWRENCE E. KAHN, U.S. DISTRICT JUDGE

## **ORDER**

     Estevan Camacho ("Camacho" or "Petitioner") filed a Petition for a Writ of Habeas Corpus with the Court which was recommended denied and dismissed by the Report-Recommendation of Magistrate Judge Gustave J. DiBianco.  Docket No. 18.  That Report-Recommendation was approved, and the Petition dismissed, by Decision and Order of this Court filed September 26, 2007.  Docket No. 19.  Camacho has appealed that dismissal to the Second Circuit and now seeks a Certificate of Appealability ("COA").[1]  Docket No. 22.

---

     [1]The Court notes that while Camacho did not filed a separate request for a Certificate of Appealability ("COA") as required by 28 U.S.C. § 2253(c)(1), he did file a Notice of Appeal.  The

> 28 U.S.C. § 2253(c)(1) provides in relevant part that:
>
> Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.[2]

A COA may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2).

After reviewing the relevant portions of the file in this action, and for the reasons set forth in the September 5, 2007 Report and Recommendation, and this Court's September 26, 2007 Order, the Court finds that Camacho has failed to make such a showing herein. Therefore, the Court denies his request.

**WHEREFORE**, it is hereby

**ORDERED**, that Petitioner's Application for a Certificate of Appealability (Docket No. 22) is denied, and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: November 05, 2007
Albany, New York

Lawrence E. Kahn
U.S. District Judge

---

Second Circuit has held that a Notice of Appeal may be construed as a Motion for a COA. See Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999) (citing Hooper v. United States, 112 F.3d 83, 88 (2d Cir. 1997)); see also Forbes v. United States, 1999 WL 1133362 (S.D.N.Y 1999) (court properly construed notice of appeal as COA and ruled on same). Therefore, the Clerk docketed Petitioner's Notice of Appeal as a request for a COA.

[2] Rule 22 of the Federal Rules of Appellate Procedure also provides that an appeal may not proceed "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." See Fed.R.App.P. 22(b).